1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DENISE H.,[1]

          Plaintiff

     v.

KILOLO KIJAKAJI, Acting
Commissioner of Social Security,

          Defendant.

Case No. 5:22-cv-01261-GJS

**MEMORANDUM OPINION AND
ORDER**

### I.    PROCEDURAL HISTORY

Plaintiff Denise H. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI").  The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs [Dkts. 16 ("Pl. Br."), 21 ("Def. Br.") and 22 ("Reply")] addressing disputed issues in the case.  The matter is now ready for decision.  For the reasons set forth below, the Court finds that this matter should be remanded.

---

[1]      In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

## II.   ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for SSI on June 30, 2020, alleging disability beginning June 30, 2020.  [Dkt. 15, Administrative Record ("AR") 15, 200-06.] Plaintiff's application was denied at the initial level of review and on reconsideration.  [AR 15, 87-91, 111-15.]  A telephone hearing was held before Administrative Law Judge Roxanne Fuller ("the ALJ") on August 5, 2021.  [AR 15, 33-48.]

On March 10, 2022, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability.  [AR 15-28]; *see* 20 C.F.R. § 416.920(b)-(g)(1).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the application date, June 30, 2020. [AR 18.]  At step two, the ALJ determined that Plaintiff has the following severe impairment:  panic disorder.  [AR 18.]  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations.  [AR 22]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels and is able to perform routine and repetitive tasks but is limited to occasional interaction with co-workers and supervisors and is precluded from interaction with the public.  [AR 24.]  At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work.  [AR 26.]  At step five, the ALJ found that Plaintiff could perform other work that exists in significant numbers in the national economy, including the representative occupations of dishwasher, hospital cleaner, and packager.  [AR 27-28.]  Based on these findings, the ALJ concluded that Plaintiff has not been disabled since the filing date of her application, June 30, 2020.  [AR 28.]

The Appeals Council denied review of the ALJ's decision on May 18, 2022. [AR 1-6.]  This action followed.

1    Plaintiff contends that the ALJ failed to properly assess her testimony.  [Pl.

2  Br. at 2-11.]

3    The Commissioner asserts that the ALJ's decision is supported by substantial

4  evidence and should be affirmed.  [Def. Br. at 2-7.]

5

6    **III.    GOVERNING STANDARD**

7    Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to

8  determine if:  (1) the Commissioner's findings are supported by substantial

9  evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v.*

10  *Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r*

11  *Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  "Substantial evidence … is

12  'more than a mere scintilla' … [i]t means – and only means – 'such relevant

13  evidence as a reasonable mind might accept as adequate to support a conclusion.'"

14  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v.*

15  *Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is

16  more than a mere scintilla but less than a preponderance") (internal quotation marks

17  and citation omitted).

18    The Court will uphold the Commissioner's decision when "'the evidence is

19  susceptible to more than one rational interpretation.'"  *Burch v. Barnhart*, 400 F.3d

20  676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.

21  1989)).  However, the Court may review only the reasons stated by the ALJ in the

22  decision "and may not affirm the ALJ on a ground upon which he did not rely."

23  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  The Court will not reverse the

24  Commissioner's decision if it is based on harmless error, which exists if the error is

25  "inconsequential to the ultimate nondisability determination, or that, despite the

26  error, the agency's path may reasonably be discerned."  *Brown-Hunter v. Colvin*,

27  806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   DISCUSSION

Plaintiff contends the ALJ failed to properly consider her subjective symptom testimony.  [Pl. Br. at 2-11.]  As discussed below, the Court agrees with Plaintiff and finds that remand is appropriate.

In evaluating a claimant's subjective symptom testimony, an ALJ must engage in a two-step analysis.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); 20 C.F.R. § 416.929.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment, which "'could reasonably be expected to produce the pain or other symptoms alleged.'"  *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  Second, if the claimant meets the first step and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'"  *Lingenfelter*, 504 F.3d at 1036; (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).  The ALJ must specifically identify the symptom testimony that is being rejected and the "facts in the record [that] lead to that conclusion."  *Smolen*, 80 F.3d at 1284; *see also* Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304, *4 (S.S.A. Oct. 25, 2017) (explaining that the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit [his] ... ability to perform work-related activities ....").  At the same time, the "ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (citation and internal quotation marks omitted).

Plaintiff asserts that she is disabled due to a number of physical impairments, including asthma, degenerative disc disease, sleep apnea, multiple sclerosis, fibromyalgia, sciatica, COPD, high blood pressure, vertigo, aortic valve

1    regurgitation, neuropathy, degenerative arthritis, dislocated coccyx, osteoarthritis,

2    irritable bowel syndrome, obesity, GERD, carpal tunnel problems, and muscle

3    deconditioning.  [AR 41-42, 223.]  Plaintiff also alleges that she suffers from

4    agoraphobia associated with panic attacks and other symptoms, panic disorder, and

5    depression.  [AR 39, 223.]  Plaintiff testified that since 2014, she has only left her

6    home once, when she had to go to the hospital.  [AR 38-39.]

7          The ALJ appears to have issued a general finding dismissing Plaintiff's

8    testimony regarding her alleged physical impairments, as unsupported by the

9    objective medical evidence.  [AR 20-22, 24 ("Given the medical findings regarding

10   the claimant's professed physical impairments, as discussed in detail above, the

11   undersigned has concluded that the claimant has no severe physical disorders.").]

12   While objective medical evidence is a useful factor to consider in evaluating the

13   intensity and persistence of symptoms, the lack of corroborating medical evidence

14   cannot provide the sole basis for rejecting subjective symptom testimony.  *See*

15   *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) ("an ALJ 'may not disregard

16   [a claimant's testimony] solely because it is not substantiated affirmatively by

17   objective medical evidence'" (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,

18   883 (9th Cir. 2006)); *see also* SSR 16-3p, 2017 WL 5180304 at *5 ("We will not

19   evaluate an individual's symptoms based solely on objective medical evidence

20   unless that objective medical evidence supports a finding that the individual is

21   disabled.").[2]

22   / / /

23

24   ———————————————

25   [2]    Defendant suggests that Plaintiff did not challenge the ALJ's finding that

26   there was no medical evidence to support the existence of any physical impairments.
     [Def. Br. at 3; AR 24.]  Contrary to Defendant's argument, Plaintiff asserted that she

27   produced objective medical evidence of her underlying impairments (physical and
     mental) in support of her claim challenging the rejection of her subjective symptom

28   testimony.  [Pl. Br. at 3-6.]

1    As for Plaintiff's testimony regarding her mental impairments, the ALJ noted

2  that Plaintiff's physician, Dr. Unger, "suggested she did not have agoraphobia, and

3  she did not display any particular deficit in mental functioning or diminished

4  mood." [AR 24, 374.]  The ALJ mischaracterizes Dr. Unger's opinion.  Dr. Unger

5  stated that while Plaintiff reported multiple concerns, including agoraphobia,

6  multiple sclerosis, COPD, and irritable bowel syndrome, he believed Plaintiff's

7  impairments were due to Cushing's Syndrome.  [AR 374-75.]  Dr. Unger explained

8  that Plaintiff's weight, hypertension, body habitus, abdominal striae, and multiple

9  bruises on her forearms supported a diagnosis of Cushing's Syndrome.  [AR 375.]

10  And while Plaintiff was not considered to be in distress, Dr. Unger described

11  Plaintiff as anxious and noted that her symptoms included anxiety, depression, loss

12  of memory, and chronic pain.  [AR 374-75.]  Any confusion that Plaintiff had about

13  her diagnoses or the causes of her symptoms was not a sufficient basis for rejecting

14  her testimony.  *See Trevizo*, 871 F.3d at 682, n.10 ("[T]here is no basis for assuming

15  that [the claimant] should know the underlying cause of her medical conditions, and

16  her confusion about why she gets headaches should not be counted against her.").

17    The ALJ also found that records showing Plaintiff was treated at the hospital

18  for cyanide toxicity after a fire at her home in May 2019 conflicted with Plaintiff's

19  testimony that she could not leave her home.  [AR 24, 416.]  Plaintiff explained,

20  however, that leaving her home was very traumatic.  [AR 39.]  Plaintiff testified that

21  she was transported to the hospital by ambulance and sedated during her hospital

22  stay.  [AR 39, 416-17.]  Hospital records confirm that in addition to having

23  difficulty breathing, Plaintiff was shaky, tearful, and anxious.  [AR 416.]  Thus,

24  Plaintiff's single hospital visit does not constitute substantial evidence supporting a

25  finding that Plaintiff's symptoms were not as severe as she claimed.[3]

26

27

28    [3]    The ALJ also found that Plaintiff left her home to attend a consultative
psychological evaluation in August 2020.  [AR 25.]  However, as Defendant

1      The ALJ further noted that Dr. Unger diagnosed Plaintiff with "complex

2  dependency syndrome, a personality disorder in which a person felt incapable of

3  taking care of themselves." [AR 25, 395, 397.]  According to the ALJ, this

4  diagnosis indicated that Dr. Unger "did not perceive [Plaintiff's] alleged physical

5  and mental complaints as entirely credible." [AR 25.]  Yet, Dr. Unger's records do

6  not corroborate this assertion.  Rather, Dr. Unger opined that Plaintiff was not

7  employable or able to leave her apartment.  [AR 395, 397.]  As Dr. Unger never

8  questioned Plaintiff's believability based on her diagnosis of complex dependency

9  syndrome, the ALJ's reliance on this diagnosis to discount Plaintiff's testimony is

10  not supported by substantial evidence.

11      Defendant also contends that Dr. Unger questioned the reliability of

12  Plaintiff's complaints, as he reported that Plaintiff put forth poor effort on testing,

13  did not undergo an MRI or lumbar puncture to confirm the presence of multiple

14  sclerosis, overused pain medication, used respiratory medications inappropriately,

15  and smoked up to two packs of cigarettes a day "with no desire to stop" and because

16  her complaints of weakness or fatigue appeared to be due to deconditioning.  [Def.

17  Br. at 5-6 (citing AR 19-21, 346, 370, 373, 486-88).]  Although the ALJ mentioned

18  these findings in the discussion of the medical evidence, she did not cite them as

19  reasons for discounting Plaintiff's testimony.  Thus, Plaintiff's asserted instances of

20  noncompliance do not constitute substantial evidence supporting the ALJ's finding

21  that Plaintiff's symptoms were not as severe as she testified.  *See Orn*, 495 F.3d at

22  630 (the ALJ's decision may not be affirmed "on a ground upon which he did not

23  rely"); *Trevizo*, 871 F.3d at 682 n.10 ("Because the discussion of those issues is not

24  in the section of the ALJ's decision addressing [the claimant's] symptom testimony,

25  they are not properly considered credibility findings.").

26  _____

27

28  acknowledges, the evaluation was conducted by telehealth and was not evidence of
Plaintiff's ability to leave her home.  [Def. Br. at 5, n.2; AR 404.]

1    Accordingly, the ALJ did not provide specific, clear, and convincing reasons

2    for rejecting Plaintiff's subjective symptom testimony. *See Lingenfelter*, 504 F.3d at

3    1036.

4

5                        **V.    REMAND FOR FURTHER PROCEEDINGS**

6          The Court has discretion to remand or reverse and award benefits. *See*

7    *Trevizo*, 871 F.3d at 682. It may be appropriate to direct an immediate award of

8    benefits when the record has been fully developed, no useful purpose would be

9    served by further proceedings, and the ALJ has failed to provide legally sufficient

10   reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1019

11   (9th Cir. 2014)). But when there are outstanding issues that must be resolved before

12   a determination can be made, and it is not clear from the record that the ALJ would

13   be required to find a claimant disabled if all the evidence were properly evaluated,

14   remand for further proceedings is appropriate. *See Garrison*, 759 F.3d at 1021;

15   *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (remand for further

16   proceedings rather than for the immediate payment of benefits is appropriate where

17   there are "sufficient unanswered questions in the record").

18         In this case, there are outstanding issues that must be resolved before a proper

19   disability determination can be made. While the ALJ failed to adequately address

20   Plaintiff's subjective symptom testimony, the ALJ made numerous, detailed

21   findings based on the objective medical evidence that raise questions about

22   Plaintiff's level of functioning. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775

23   F.3d 1090, 1104 (9th Cir. 2014) (finding that the record was "uncertain and

24   ambiguous" and remand was warranted where there were "significant factual

25   conflicts in the record between [the plaintiff's] testimony and objective medical

26   evidence"). Therefore, the Court remands this case for further proceedings. *See*

27   *Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) ("A district court cannot

28   proceed directly to credit a claimant's testimony as true and then look to the record

                                            8

1  to determine whether there are any issues outstanding, as 'this reverses the required

2  order of analysis.'") (quoting *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir.

3  2015)); *see also Treichler*, 775 F.3d at 1106 ("[A] reviewing court is not required to

4  credit claimants' allegations regarding the extent of their impairments as true merely

5  because the ALJ made a legal error in discrediting their testimony.").

6

7  **VI.   CONCLUSION**

8  For all of the foregoing reasons, **IT IS ORDERED** that:

9  (1) the decision of the Commissioner is REVERSED and this matter is

10  REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further

11  administrative proceedings consistent with this Memorandum Opinion and Order;

12  and

13  (2) Judgment be entered in favor of Plaintiff.

14  **IT IS ORDERED.**

15

16  DATED:  July 13, 2023

17  _____

18  GAIL J. STANDISH
   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

9